## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSETTA P. ADAMS,

        Plaintiff,

        v.

TRUSTEES OF THE UNIVERSITY OF
PENNSYLVANIA, CARL H. JUNE,
individually, REGINA YOUNG, individually,
CAROLYN SHAW, individually, AMANDA
FINCK, individually, MICHAEL ATCHISON,
individually, KELLY JORDAN-SCIUTTO,
individually, DANIEL KESSLER, individually,
SEAN BURKE, Esq., individually, PAIGE
WIGGINTON, individually, DANIELLE
CROWL, individually, TALID SINNO,
individually, BRUCE FREEDMAN,
individually, JENNIFER PUNT, individually,
PHILLIP SCOTT, individually, ANDREW
HOFFMAN, individually, JOVIAH WATSON,
individually, ANDREW PASKEVICH,
individually, JANE HOLAHAN, individually,
JULIE NETTLETON, individually, DAVID
MEANEY, individually, SABRIA KEGLER,
individually, LIZANN BOYLE RODE,
individually, PATRICK EGAN, individually,
CAMILLE Z. CHARLES, individually,
ISABELLA HODSON, individually, JULIA
MALACHOWSKI, individually, KHALILAH
WALKER, individually, TAKU
KAMBAYASHI, individually, DAWN
BONNELL, individually, JULIE BLENDY,
individually, BIJAN PESARAN, individually,
AMY DURHAM, individually, JOHN
JACKSON JR., individually, BETH
WINKELSTEIN, individually, VIJAY
KUMAR, individually, RAMANAN
RAGHAVENDRAN, individually, JULIE
BEREN PLATT, individually, LARRY
JAMESON, individually,

        Defendants.

Civil Action No:   26-cv-1720

**NOTICE OF REMOVAL**

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1441 and 1446, Defendants, by and through their counsel of record, hereby remove the state court action captioned *Josetta P. Adams v. Trustees of the University of Pennsylvania, et al.*, Case No. 260203231 (the "State Court Proceeding") from the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Court of Common Pleas"), to the United States District Court for the Eastern District of Pennsylvania.  In support of their removal of this action, Defendants state as follows:

## BACKGROUND

1.     On or about February 25, 2026, Plaintiff Josetta P. Adams ("Plaintiff") commenced the State Court Proceeding against Defendants in the Court of Common Pleas.  There are 39 Defendants in this action.[1]  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's state court complaint (the "Complaint") is attached as Exhibit A to the Declaration of Jeffrey Sturgeon in Support of Notice of Removal ("Sturgeon Decl."), ¶ 4.

2.     Defendants were served with the Summons and Complaint filed by Plaintiff on the same day. *See* Sturgeon Decl., ¶ 4.

3.     Plaintiff purports to allege the following claims: (1) disparate treatment race discrimination in contractual relations pursuant to 42 U.S.C. § 1981 against all Defendants; (2) retaliation for opposition to race discrimination pursuant to 42 U.S.C. § 1981 against all

---

[1] Plaintiff names the following Defendants: Trustees of the University of Pennsylvania, Carl H. June, Regina Young, Carolyn Shaw, Amanda Finck, Michael Atchison, Kelly Jordan-Sciutto, Daniel Kessler, Sean Burke, Paige Wigginton, Danielle Crowl, Talid Sinno, Bruce Freedman, Jennifer Punt, Phillip Scott, Andrew Hoffman, Joviah Watson, Andrew Paskevich, Jane Holahan, Julie Nettleton, David Meaney, Sabria Kegler, Lizann Boyle Rode, Patrick Egan, Camille Z. Charles, Isabella Hodson, Julia Malachowski, Khalilah Walker, Taku Kambayashi, Dawn Bonnell, Julie Blendy, Bijan Pesaran, Amy Durham, John Jackson Jr., Beth Winkelstein, Vijay Kumar, Ramanan Raghavendran, Julie Beren Platt, and Larry Jameson. All 39 Defendants are represented by the undersigned counsel.

Defendants; (3) racially hostile educational/work environment pursuant to 42 U.S.C. § 1981 against all Defendants; (4) deprivation of civil rights under color of state law pursuant to 42 U.S.C. § 1983 against all individual Defendants; (5) race discrimination in a federally funded program pursuant to Title VI, 42 U.S.C. § 2000d against Defendant Trustees of the University of Pennsylvania; (6) disability discrimination pursuant to Section 504, 29 U.S.C. § 794 and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12132 against Defendant Trustees of the University of Pennsylvania; (7) race, color, sex, and disability discrimination, retaliation, and aiding and abetting pursuant to the Pennsylvania Human Relations Act (the "PHRA"), 43 P.S. § 955(a), (d), and (e) against all Defendants; (8) retaliation for reporting violations of law pursuant to Pennsylvania Whistleblower Law, 43 P.S. § 1423 against Defendant Trustees of the University of Pennsylvania and all Individual Defendants; (9) defamation per se pursuant to Pennsylvania common law against Defendants Sean Burke, Michael Atchison, and Regina Young; (10) intentional infliction of emotional distress pursuant to Pennsylvania common law against all Defendants; (11) tortious interference with contractual relations pursuant to Pennsylvania common law against all individual Defendants; (12) tortious interference with prospective economic advantage pursuant to Pennsylvania common law against all Defendants; and (13) breach of implied covenant of good faith and fair dealing pursuant to Pennsylvania common law against Defendant Trustees of the University of Pennsylvania.  *See* Complaint, ¶¶ 115-158.

4.    Defendants strenuously deny any liability for claims alleged in the Complaint, but treat the allegations in the Complaint as true for purposes of this Notice of Removal only.

5.    Pursuant to 28 U.S.C. § 1446(b), Defendants timely filed this Notice of Removal. The deadline for Defendants to remove this action has not expired since receipt by Defendants of

the Summons and Complaint.   Defendants have not voluntarily invoked or submitted to the jurisdiction of the Court of Common Pleas in any manner.  *See* Sturgeon Decl., ¶ 5.

6.       No further proceedings have been had in the State Court Proceeding as of the date of this Notice.  *Id.*  As a result, true and correct copies of all process, pleadings, orders, and other records served or filed in the state court have been provided herewith.

## FEDERAL QUESTION JURISDICTION EXISTS

7.       A state court action may be removed to federal court if the federal court would have original jurisdiction over the suit.  28 U.S.C. § 1441(a).

8.       This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1331.  Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court may remove the entire case, including any claims that would otherwise be non-removable. *See* 28 U.S.C. § 1441.

9.       Plaintiff's Complaint alleges claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, Title VI, Section 504, 29 U.S.C. § 794, and the ADA.  These allegations constitute federal claims, and this Court has original jurisdiction over all of them.

10.       Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution."  The claims form a part of the same case or controversy if they "derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Kovalev v. Callahan Ward 12th Street LLC*, 548 F. Supp. 3d 498, 504 (E.D. Pa. 2021) (citing

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)).  The test for a common nucleus of operative facts is met "'when the same acts violate parallel federal and state laws' or where state and federal claims are 'merely alternative theories of recovery based on the same acts.'"  *Id.* (citing *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995)).

11.     Here, the test for supplemental jurisdiction is met.  All of Plaintiff's state law claims arise out of the same alleged events that are the basis of her federal claims.  *See* Complaint, ¶¶ 115-158.  "[T]he interest of judicial economy is 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  *Kovalev*, 548 F.Supp.3d at 504 (citing *Carnegie-Mellon Univ.*, 484 U.S. at 349).  Thus, this Court has supplemental jurisdiction over Plaintiff's claims arising under the PHRA, Pennsylvania Whistleblower Law, and Pennsylvania common law.

12.     Therefore, this Court has original jurisdiction over Plaintiff's action and removal is proper.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

13.     Venue lies in the United States District Court for the Eastern District of Pennsylvania.  This action originally was brought in the Court of Common Pleas, which is located within the Eastern District of Pennsylvania.  Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

14.     Plaintiff filed her Complaint in the Court of Common Pleas on February 25, 2026.  Defendants were served with the Summons and Complaint filed by Plaintiff on the same day.  *See* Sturgeon Decl., ¶ 4.  Defendants are filing this Notice of Removal within thirty days of service of process, and it is therefore timely under 28 U.S.C. § 1446.

15.     Defendants are filing this Notice of Removal on behalf of and with the consent of all known defendants in this action. *See* Sturgeon Decl., ¶ 6.

16.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas, attached to a pleading entitled "Notice of Filing of Notice of Removal." *See* Sturgeon Decl., ¶ 7, Exhibit B.

17.     As further required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendants served Plaintiff with this Notice of Removal and supporting documents, and with their Notice of Filing of Notice of Removal to State Court. *See* Sturgeon Decl., ¶ 7, Exhibit C.

## CONCLUSION

WHEREFORE, Defendants respectfully seek removal of the above-entitled action from the Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Dated: March 17, 2026              PAUL HASTINGS LLP


By:     */s/ Jeffrey A. Sturgeon*
            Jeffrey A. Sturgeon
            Attorney I.D. No. 93750
            1650 Market Street, Suite 3600
            Philadelphia, PA 19103

            200 Park Avenue
            New York, New York 10166
            Tel: (212) 318-6000
            Fax: (212) 319-4090
            jeffreysturgeon@paulhastings.com

            *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, hereby certify that on this 17th day of March, 2026, I caused a true and correct copy of the foregoing Notice of Removal to be filed electronically and served via email and via the Court's CM/ECF system on all parties of record.

In addition, I caused a true and correct copy of the foregoing document to be served on Plaintiff via U.S. Mail at:

> Josetta P. Adams, *Pro Se*
> 500 N. 21st Street, Apt. 720
> Philadelphia, PA 19130
> (347) 909-5774
> josettaadams@gmail.com

Dated: March 17, 2026              */s/ Jeffrey A. Sturgeon*
                                   Jeffrey A. Sturgeon